UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAQUAN LAMONT KEARNEY,<br><br>      Plaintiff,<br><br>v.<br><br>UNION COUNTY JAIL, HEAD NURSE PHYLLIS MCCURRIE, SGT. WILLIAM BURKERT, OFFICER MCKENZIE, and OFFICER WEAKLAND,<br><br>      Defendants. | 13-cv-3358-WJM<br><br>MEMORANDUM OPINION & ORDER |

This matter comes before the Court on *pro se* Plaintiff Laquan Lamont Kearney's motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). For the reasons stated below, the Court will **GRANT** the motion.

Plaintiff Kearney claims that officers at the Union County Jail severely beat him on May 14, 2012. He claims that as a result of this beating, he suffered a ruptured eardrum, loss of hearing, damage to his teeth, and a laceration on his chin that required stitches. At 5:03 p.m. on the day of the alleged beating, Nurse McCurrie saw Plaintiff for bleeding from his mouth and left ear. Nurse McCurrie found a small abrasion in his left cheek, which did not bleed. Nurse McCurrie noted a small amount of blood in his left ear, without active bleeding. These are "minor complaints" according to the nurse. Nurse McCurrie let Mr. Kearney return to his cell.

On May 15, 2012, at 12:40 a.m., correctional officers escorted Mr. Kearney to the medical unit. This was nearly seven hours after Nurse McCurrie saw Mr. Kearney for his "minor complaints." Mr. Kearney reported to Registered Nurse Lewars for bleeding from his left ear and chin, loss of equilibrium, pain in his chest, and loss of hearing. Nurse Lewars contacted Dr. Ghanbari. Dr. Ghanbari authorized Kearney's transport to the East Orange General Hospital Emergency Room. The Hospital Emergency Room sutured Mr. Kearney's chin, obtained a CT scan, and recommended evaluation by an ENT, which Dr. Ghanbari noted would be assessed

1

after completing a course of ear drops.

Plaintiff filed a Complaint in state court. Nurse McCurrie moved for summary judgment. The Court granted the motion with respect to a medical malpractice claim but stated that Plaintiff did have a valid claim for an Eighth Amendment violation. McCurrie removed to federal court on May 29, 2013. Paper discovery and depositions are ongoing in this matter and have been delayed due to uncertainty about the location of the Plaintiff. Most recently, Defendants requested a 60-day extension of discovery, which the magistrate judge granted on April 30, 2014.

28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." District courts have "broad discretion" to decide whether requesting counsel is appropriate, may request counsel at any point in the litigation, and may do so *sua sponte*. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (*citing Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). As an initial matter, the Court must first determine if the party seeking counsel has an underlying case with arguable merit in fact and law. *Id*. at 498-99. Once the claim has passed that threshold, the Court then considers the following list of criteria to assess whether requesting counsel would be appropriate: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id*. at 499. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Id*.

The Court will appoint *pro bono* counsel. The allegations against the prison officials are serious. The Plaintiff is unable to obtain his own counsel. Confusion about the whereabouts of the Plaintiff has already hampered discovery, and the appointment of counsel is likely to help this case proceed to a resolution more swiftly. The Court foresees the need for necessary factual investigation in terms of both documents and depositions. The case is likely to turn on the credibility of the witnesses. A motion for summary judgment is likely to be filed, and plaintiff will need to file a timely opposition. In such circumstances, it is wise to appoint *pro bono* counsel before the filing of the motion, especially when the plaintiff's claim appears substantial. *See Williams v. Hayman*, 488 F. Supp. 2d 446, 449 (D.N.J. 2007).

For the foregoing reasons and for good cause shown;

**IT IS** on this 20th day of May 2014, hereby,

**ORDERED** that Plaintiff's application for *pro bono counsel* is **GRANTED**.

/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**